1   LAW OFFICE OF THOMAS K. BOURKE
2   Thomas K. Bourke (SBN 56333)
    Talltom2@aol.com
3   601 West Fifth Street, Eighth Floor
4   Los Angeles, CA  90071-2094
    Telephone: (213) 623-1092
5
6   Attorney for Plaintiffs Heinz Hofmann
7   and Thomas Buckley

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11   HEINZ HOFMANN, *et al.*,        CASE NO.  C 11-4016 CW (KAWx)

12            Plaintiffs,            **DISCOVERY DISPUTE JOINT REPORT #2**

13        vs.

14   CITY & COUNTY OF SAN          [FRCP Rule 37]
     FRANCISCO, *et al.*,
15                                  Honorable:      Kandis A. Westmore
             Defendants.            Date:           N/A
16                                  Time:           N/A
17                                  Place:          Courtroom 4, 3d Floor, OAK

18

19

20        Under Magistrate Judge Kandis A. Westmore's standing order re civil discovery

21   disputes, the parties submit this joint report of their discovery dispute regarding the City's

22   responses to Plaintiffs' interrogatories nos. 23-25.  A copy of Plaintiffs' counsel's request

23   for meeting is attached as **Exhibit A**.

24

25   Dated:  May 24, 2013          By: /s/Thomas K. Bourke
                                    Attorneys for Plaintiffs Heinz Hofmann and
26                                  Thomas Buckley

27   Dated:  May 24, 2013          By: /s/Na'il Benjamin
                                    Attorneys for Defendants City and County of San
28                                  Francisco, George Gascon and Jefferey Godown

---

**Discovery Dispute Joint Report #2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      Unresolved dispute and factual and procedural background.

The unresolved issue in dispute necessitating court intervention is whether the City's responses to Plaintiffs' interrogatories nos. 23-25 directly answer the questions asked, or instead are "deftly worded conclusionary answers designed to evade a . . . explicit questions." *Deyo v. Kilbourne*, 84 Cal. App. 3d 771, 783 (1978).  A copy of the City's responses are attached hereto as **Exhibit B**.  Plaintiffs propounded these interrogatories on November 12, 2013.  Plaintiffs sent a meet and confer letter asking for responses to the interrogatories on April 3, 2013.  The City finally provided its evasive responses on the day of the discovery cut-off, May 15, 2013.  On May 20, 2013, Plaintiffs' counsel sent yet another letter asking to meet and confer on the City's evasive responses to interrogatories.  On May 23 and 24, 2013, Plaintiffs' counsel sent emails to the City's counsel again requesting to meet and confer on the interrogatory responses.

Plaintiffs Thomas Buckley and Heinz Hofmann are white Police Lieutenants with the San Francisco Police Department (SFPD).  Each took the City's 2007 examination for the position of Police Captain. They were ranked nos. 16 and 20 respectively on the 2007 Captain's List of 48 persons.  The List was a based on a race-neutral exam.

But because of an allegedly adverse impact against blacks (African Americans) and Asians on the 2007 Captain's List, the City decided to use the selection tool of "Rule of 5 Scores" for the first 11 approved hiring requisitions (to rank 15).  Thereafter, a sliding band of 45 points was used starting with rank no. 16.  Candidates in ranks 1 through 15 not selected under the Rule of 5 Scores, were considered to have scored equally well with all those remaining in the band.

How the "banding" procedure worked was that the applicants for promotion would be ranked on a promotional list based on their scores on the race-neutral promotional examinations.  The City would then create a "band" whereby applicants for a position would be considered statistically equal, and the City would ostensibly make promotions based on "secondary criteria," things like education, training, assignments, disciplinary history, and commendations/awards.  The City used banding in order to promote a higher

1

percentage of minority officers than would be promoted under a strict rank-order system. In reality, banding was a form of race-norming the promotional-examination results.

Because no blacks or Asians on the 2007 Captains List were reachable under the Rule of 5 Scores, they each had to be selected from within the band.

When making promotions from within the band, the City skipped over Plaintiffs Buckley and Hofmann and promoted three blacks (Charlie Orkes (ranked no. 20), John Sanford (ranked no. 21), and Valerie Agard (ranked no. 26), and two Asians (Garrett Tom (ranked no. 23), and Curtis Lum (ranked no. 28)) to Captain.  Both Hofmann and Buckley allege they were objectively more qualified, based on the secondary criteria that the City ostensibly claims to use, than any of the blacks or Asians (who tested under them but were) promoted over them from the 2007 List.

The City's 2007 Captains List expired on January 14, 2011.  Neither Hofmann nor Buckley was promoted to Captain from that List.  Plaintiffs alleged that the reason they were passed over for lower-ranking minorities on the 2007 List was that Plaintiffs are white, and the Defendants felt a need to promote more blacks and Asians to Captain from the 2007 List.

Plaintiffs filed this action on August 16, 2011.  On April 30, 2012, the Court granted in part, the City's motion to dismiss with leave to amend.  *Hofmann v. City and County of San Francisco*, 870 F.Supp.2d 799 (N.D. Cal. 2012).   On August 2, 2012, the Court denied the City's motion to dismiss the First Amended Complaint.  *Hofmann v. City and County of San Francisco*, 2012 WL 3155558 (N.D. Cal. Aug. 2, 2012).

**A.     Plaintiffs' position:  The City's long-belated responses to Interrogatories nos. 23-25 are evasive, conclusionary answers meant to avoid giving substantive responses.**

"A party may move to compel disclosure or discovery when responses are evasive or incomplete." *Haggarty v. Wells Fargo Bank*, 2012 WL 4113341 at 1 (N.D. Cal. Sept. 18, 2012) (citing Fed. R. Civ. P. 37(a)(4)).

The City interposed boilerplate objections to each of the interrogatories despite the fact that the responses are over six months late.  The responses were due on December 17, 2012, and the City did not request an extension of time to respond before then.

2

**Plaintiff's Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents**

Therefore all objections were waived.  Fed. R. Civ. P. 33(b)(4).  Plaintiffs are entitled to objection free responses.

The City's responses are also evasive, and don't directly answer the questions being asked.  Instead of straightforward responses, they are "deftly worded conclusionary answers designed to evade  . . . explicit questions."  *Deyo v. Kilbourne*, 84 Cal. App. 3d 771, 783 (1978).  "An answer to an interrogatory should respond to the question being asked."  *Anderson v. Fresno County, Human Svcs. System*, 2007 WL 1865657 (E.D. Cal. June 28, 2007) at 3.

"The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."  *United States v. Procter and Gamble*, 365 U.S. 677, 683 (1958).

These interrogatories go to a central issue in the case:  why did the City select the selection procedure (and certification rule) it did.  Interrogatory No. 23 asks why did the City use the selection procedure (and certification rule) it did.  Interrogatory No. 23 asks the City to state "all the reasons you adopted the certification rule used by YOU (Rule [of] 5 with a 45-point sliding band) to create the eligible list. . . ."  Instead of responding to the question asked, the City state that "banding is amongst the best selection tools" and an explanation that the City believes banding to be lawful.  The City cannot sidestep the question by substituting it for one of its own choosing.

Interrogatory No. 24 asks the City to identify each time it used banding and why it decided to use a band on each promotional list.  The City adequately answered the first part of the question, but as to the reasons banding was used, falls back on the answer that it is amongst the best selection tools and that the City believes it to be lawful.

Interrogatory No. 25 asks for all factors used to calculate the width of the band.  The City's response qualifies the answer with "the factors included in the banding methodology."  If there are other factors (which Plaintiffs believe exists), they are entitled to know what they are.

Accordingly, the Court should compel the City to provide, complete, straightforward, objection-free responses to these three interrogatories.

**Defendants' position:**

1
2
3
4
5

The discovery issues that have developed here stem from Plaintiffs having a theory of the case that is inconsistent with the facts.  As a result, Plaintiffs serve discovery requests that cannot yield the responses they believe they should receive.  This is compounded by the quality of discovery requests being served, and Defendants' needs to search "high and low" for evidence that relates to facts that are more than 15 years old.

6
7
8
9
10
11

Defendants have worked with Plaintiffs to modify their overbroad requests and conduct a sufficient investigation of the facts.  The interrogatories at issue have been answered completely.  To the extent that information is missing from the City's responses, that information is unavailable because: (1) Civil Service Commissioners have retired or otherwise left the Commission; (2) City employees have retired or otherwise left for other employment; and (3) information is privileged

12

    A.    <u>Relevant History</u>

13
14
15
16
17
18

Plaintiffs have alleged that the City used banding as a result of a mandate from a Ninth Circuit-imposed consent decree that ended in 1998.  That consent decree developed from the City's discrimination against African American police officers.  Plaintiffs argue that the City continues to use banding for the purpose of preventing future discrimination against African American police officers, but in doing so, the City is now alleged to be discriminating against Caucasian police officers.

19
20
21
22

Plaintiff's allegations, if taken as true, are that the City avoids discriminating on the basis of race by discriminating on the basis of race.  They are entitled to pursue discovery to prove this allegation, but their discovery requests are premised on illogical conclusions that lead to discovery responses that they do not like.

23

    B.    <u>The Actual Facts Relating To This Discovery Dispute</u>

24
25
26
27
28

Plaintiffs conflate the City's decision to select banding as a selection tool, with their assumptions that the City's reasons for using banding involve race.  In reality, the City uses banding because it has found it to be one of the most, if not the most, appropriate selection tools for the purpose of promoting the best qualified police officers.  That is the reason provided in the City's interrogatory responses.  That reason was developed from the Ninth Circuit finding that very point.  Once the Ninth Circuit said it,

4

**Plaintiff's Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents**

1
2

and after years of using it, banding has proven to be a tool that allows for promoting the best qualified police officers.

3
4

Given that the consent decree ended in 1998, and given that this selection rule was decided in 2006, Defendants do not have more *discoverable* information to offer.

5
6

Dated:          May 24, 2013                    Law Office of Thomas K. Bourke

7

By:   /s/ Thomas K. Bourke

8                                                                   Thomas K. Bourke
                                                                    Attorney for Plaintiffs Heinz Hofmann and
9                                                                   Thomas Buckley

10
11

Dated:          May 24, 2013                    Office of the City Attorney

12

By:   /s/ Na'il Benjamin

13                                                                  Na'il Benjamin
                                                                    Attorney for Defendants City and County of
14                                                                  San Francisco, George Gascon and Jeffrey
                                                                    Godown

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiff's Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents**