**United States District Court**
**Northern District of California**

| | |
|---|---|
| HEINZ HOFFMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.: 4:11-cv-4016 CW (KAW)<br><br>ORDER REGARDING DISCOVERY DISPUTE |

On May 17, 2013, Plaintiffs Heinz Hoffman and Thomas Buckley, and Defendants City and County of San Francisco, George Gascon, and Jeffrey Godown, filed a joint letter regarding a discovery dispute. Plaintiffs seek the disclosure of three documents listed on Defendants' privilege log. Plaintiffs argue that the documents are not privileged, and that even if they were privileged, Defendants have waived the privilege by failing to timely produce the privilege log. For the following reasons, the relief requested by Plaintiffs in the joint letter is denied.

**I.   The Documents Are Privileged.**

There is an eight-part test to determine whether the attorney-client privilege applies. "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citations omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (citation omitted).

The three disputed documents listed on Defendants' privilege log are from individuals in the City and County of San Francisco's human resources department, to San Francisco City Attorney's Office Deputy City Attorneys. Dkt. # 77-2. Two of the documents were also sent to

the San Francisco Civil Service Commission, and one of the documents was sent to another individual in the City's human resources department. *Id.* The documents are described as follows: "Compliance with EEOC Uniform Guidelines and Title VII"; "Memorandum regarding implications of *Ricci* decision"; and "Outline of discussion for San Francisco City Attorney's Office Deputy City Attorneys and Civil Service Commission." *Id.*

Plaintiffs contend that Defendants have not shown that the documents were made "in the course of seeking legal advice," or "made in confidence." But the descriptions of the documents show that the documents were made in the course of seeking legal advice. The first two document descriptions specifically mention the legal doctrines being discussed in the communications. It can be implied that any discussion between the Civil Service Commission and Deputy City Attorneys would be for the purpose of seeking legal advice; thus, the third document description is also adequate. Furthermore, the fact that members of the Civil Service Commission and the City's Human Resources department were also recipients of the documents sent to the City Attorney's office does not render the documents unprivileged, because these individuals were the employees of the City that could have been seeking legal advice.

## II.     The Privilege Has Not Been Waived.

Plaintiffs argue that even if the documents listed on Defendants' privilege log were privileged, Defendants waived the privilege by initially making boilerplate privilege objections, yet orally stating that they were not withholding any privileged documents, and waiting nine months after the initial responses to provide a privilege log.

Under Federal Rule of Civil Procedure 26(b)(5), when a party withholds discovery on the basis of privilege, it must provide a privilege log. But the failure to provide a timely or sufficient privilege log does not automatically waive the attorney-client privilege. Instead, the Ninth Circuit has instructed district courts to conduct a "holistic reasonableness analysis," and apply the following factors in determining whether a privilege has been waived:

> . . . the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are

presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard.

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Here, the first factor—the degree to which the assertion of privilege enables the litigant to evaluate whether each of the withheld documents is privileged—weighs against a finding of waiver. As explained above, the privilege log adequately describes the withheld documents, and lists the senders and recipients of each document. The third and fourth factors—the magnitude of the document production, and other particular circumstances of the litigation that make responding to discovery unusually easy or hard—are neutral. There is no indication that the magnitude of the production, or any other circumstances in this case, are unusual.

Thus, the only truly disputed factor here is the timeliness of Defendants' objections and privilege log. According to Plaintiffs' counsel, Defense counsel initially provided boilerplate privilege assertions in the responses, then stated orally that no documents were being withheld on the basis of privilege, then finally produced a privilege log nine months later.

Defense counsel denies that he told Plaintiffs' counsel that he was not withholding any privileged documents. According to Defense counsel, at the time of Defendants' initial responses, the parties disagreed about whether documents related to the City's "banding" practice were discoverable, and agreed to deal with this disagreement after the Court ruled on Defendants' motion to dismiss Plaintiffs' first amended complaint. Plaintiffs' counsel has filed a copy of an email exchange between counsel, with Defense counsel writing, "perhaps we can find a compromise that will hold us over until the Judge rules on the motion to dismiss," and Plaintiffs' counsel replying, "That's fine." Dkt. 75 at 2. The Court ruled on the motion in August 2012, and after producing an initial set of discovery in September 2012, Defendants produced the privilege log with an amended set of responses in November 2012.

Thus, the parties disagree regarding whether they initially entered into an agreement that would absolve Defendants of their initial obligation to produce a privilege log. Because it appears that there may have been such an agreement, the third *Burlington* factor weighs only weakly, if at all, in favor of waiver of the privilege. Altogether, the *Burlington* factors weigh against a finding of waiver.

### III. Conclusion

Because the documents are privileged, and there has been no waiver of the privilege, the relief requested by Plaintiffs in the joint letter is denied.

IT IS SO ORDERED.

DATE: May 31, 2013

*Kandis Westmore*

KANDIS A. WESTMORE
United States Magistrate Judge

4