**United States District Court**
**Northern District of California**

| | |
|---|---|
| HEINZ HOFMAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | Case No.: 4:11-cv-4016 CW (KAW)<br><br>ORDER REGARDING DISCOVERY DISPUTE |

On May 28, 2013, Plaintiffs Heinz Hofman and Thomas Buckley, and Defendant City and County of San Francisco filed a joint letter regarding a discovery dispute.  *See* Dkt # 83. Plaintiffs assert that Defendant's responses to several interrogatories are insufficient, and ask the Court to compel Defendant to provide complete and objection-free responses to the interrogatories.  For the reasons explained below, Defendant shall provide complete supplemental responses.

Plaintiffs Thomas Buckley and Heinz Hofmann are white Police Lieutenants with the San Francisco Police Department, and are suing the City and County of San Francisco, along with other Defendants, for allegedly using a "Rule of 5 Scores" selection tool in order to promote minority applicants over white applicants.

Interrogatory number 23 asks the City to state all of the reasons that it implemented the Rule of 5 Scores to create an eligibility list, and interrogatory number 24 asks the City to give the reasons it decided to use a band as to each promotional list.  Defendant makes various objections to the interrogatories, including that they are overbroad, call for legal conclusions, seek privileged information, and are "harassing and unduly burdensome to the extent it seeks 'all reasons' a decision was made almost seven years ago."  Dkt # 83-2 at 3-4.  Subject to objections, Defendant responded: "[b]anding is amongst the best selection tools available for being able to promote the

best qualified candidates," and notes that a Ninth Circuit decision, *Officers for Justice v. Civil Service Comm'n*, 979 F.2d 721, 722 (1992), approved banding as a valid, race-neutral grading system. *Id.*

In its portion of the joint letter, Defendant further states: "[t]he interrogatories at issue have been answered completely. To the extent that information is missing from the City's responses, that information is unavailable because: (1) Civil Service Commissioners have retired or otherwise left the Commission; (2) City employees have retired or otherwise left for other employment; and (3) information is privileged." Dkt # 83 at 5.

Federal Rule of Civil Procedure 33(b)(1)(B) provides that interrogatories directed to a governmental agency must be answered by "any officer or agent, who must furnish the information available to" the governmental agency. The rule also requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* § (b)(3).

Defendant's portion of the joint letter does not elaborate on, or justify, any of its objections. In the absence of any factual support or explanation for the objections, the Court overrules them. The interrogatories are not overbroad—they merely seek the City's position on a central issue in this case, that is, the City's reasons for implementing these selection tools. The interrogatories are not "harassing," or unduly burdensome, merely because they seek information regarding a decision that was made seven years ago. Nor do the interrogatories call for legal conclusions—instead, they seek factual information regarding the motivations behind the City's implementation of the selection tools. Accordingly, these objections are overruled, and the Court need not address Plaintiff's arguments that they have been waived.

Defendant's only potentially valid reasons for failing to fully answer the interrogatories are: that some of the information sought is privileged, and that the information is no longer available to the City. But Defendant does not explain how it has determined that the information sought is privileged or unavailable. Defendant does not assert that the reasons for the decision to use the selection tools were communicated between the City and its counsel for the purpose of seeking legal advice, and that the communications were made in confidence and not waived

2

thereafter. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). In the absence of this showing, the privilege objection should be overruled; however, the Court will allow Defendant to cure this defect in its supplemental responses by making a good-faith and fact-based showing that privilege applies to some or all of the information sought.

Defendant appears to be asserting that it has provided all of the non-privileged information available to it, because the persons who had knowledge of why the Rule of 5 Scores and banding procedures were used are no longer employed by the City and County. But again, Defendant does not explain what search, if any, it undertook to make this determination. It is not evident from Defendant's responses to the interrogatories, or from its portion of the joint letter, what efforts Defendant made to obtain the information, as it is required to do under the Federal Rules, even if the people who have the information are no longer employed by the City.

Plaintiff further argues that Defendant's response to Interrogatory 25—which asks for all factors used to calculate the width of the band—is deficient, because it qualifies its response with the phrase, "the factors included in the banding methodology." Dkt 83-2 at 6. Defendant does not address this issue in the joint letter. Defendant shall revise its response to state that the factors listed are all of the factors that were used to calculate the width of the band, or shall list all additional factors.

Defendant's supplemental responses are due within 14 days of the date of this order.

It is so ORDERED.

DATE: June 14, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge