IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEINZ HOFMANN, et al.,

       Plaintiffs,

   v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

       Defendants.
_____/

No. C 11-4016 CW

ORDER DENYING MOTION TO SEAL (Docket No. 91)

    Plaintiffs Heinz Hofmann and Thomas Buckley move to seal an exhibit filed in support of their cross-motion for summary judgment. Because Plaintiffs have not provided compelling reasons to seal the exhibit, their motion is denied.

    Plaintiffs seek to seal various documents from their personnel records and from the personnel records of several other San Francisco Police Department (SFPD) employees who are not parties to this lawsuit. Because these documents are connected to a dispositive motion, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Under Civil Local Rule 79-5(a), the documents must also be "privileged or protectable as a trade secret or otherwise entitled to protection under the law. A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal."

Plaintiffs have not met this standard here. The records they seek to seal contain mostly non-sealable information, such as the employment histories and educational backgrounds of individual SFPD officers. Indeed, the only sealable information in these records -- namely, individual SFPD employees' personal contact information -- has already been redacted. As such, Plaintiffs' request is not "narrowly tailored to seek sealing only of sealable material," as the local rules require. Civil L.R. 79-5(a). Although Plaintiffs assert that these records were designated confidential under an earlier protective order,[1] this is insufficient to justify a sealing request under the local rules, as noted above.

Accordingly, Plaintiffs' motion to seal (Docket No. 91) is DENIED. Plaintiffs shall file the exhibit in the public record within three days of this order.

IT IS SO ORDERED.

Dated: 6/19/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiffs' motion to seal suggests that these records were designated confidential by Defendants. Defendants, however, failed to file any declaration supporting such a designation, as they were required to do under Civil Local Rule 79-5(d).

2