**United States District Court**
**Northern District of California**

| | |
|---|---|
| HEINZ HOFMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No.: 4:11-cv-4016 CW (KAW)<br><br>ORDER REGARDING DISCOVERY DISPUTE |

On August 12, 2013, Plaintiffs Heinz Hofman and Thomas Buckley and Defendant City and County of San Francisco filed a joint letter regarding a discovery dispute. *See* Dkt # 109.

The Court had previously ordered Defendant to provide supplemental responses to interrogatories numbers 23 and 24. *See* Dkt # 85. Both interrogatories 23 and 24 asked the City to state all of the reasons that it implemented certain selection procedures and tools in promoting police officers.

Plaintiffs now assert that Defendant's supplemental responses to the interrogatories are still insufficient. The Court agrees, and for the reasons explained below, again orders Defendant to provide supplemental responses to the interrogatories.

In Defendant's supplemental responses to the interrogatories, it states that some of the reasons that it chose the selection tools "result from meetings with the City Attorney's Office and DHR in a closed session." Dkt # 109-2 at 3. Thus, Defendant asserts, "the *reasons* the certification rule was adopted are protected by the attorney-client privilege." *Id.* Similarly, Defendant writes that some of the reasons it used another selection tool were formulated "through the use and advice of the City Attorney's Office," and "that information is not contained in these responses." *Id.*

The attorney-client privilege only protects communications between an attorney and a client, not the facts that are communicated. *See Upjohn Co. v. United States*, 449 U.S. 383, 395, (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."); *Murdoch v. Castro*, 609 F.3d 983, 995 (9th Cir. 2010) ("As the Supreme Court has explained, the attorney-client privilege does not create a broad zone of silence over the subject matter of the communication") (citations omitted).

The reasons that the City chose particular selection tools are facts—unless the only reason that the City chose the selection tools was because its attorneys advised it to do so. Because the reasons are facts, not communications, they are not privileged. This is so even if those reasons were articulated in, or even stemmed from, communications between the City and its attorneys. *See Great American Ins. Co. of New York v. Vegas Constr. Co.*, 251 FRD 534, 541 (D. Nev. 2008) ("Facts communicated to an attorney are not protected by the attorney-client privilege . . . . Moreover, clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources"); *Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.) Inc.*, 111 F.R.D. 76, 80 (S.D.N.Y. 1986) ("the privilege does not protect facts which an attorney obtains from independent sources and then conveys to his client"); *Pastrana v. Local 9509, Commc'ns Workers of Am.*, CIV. 06CV1779 W AJB, 2007 WL 2900477 *3 (S.D. Cal. Sept. 28, 2007) ("no contention can be made that the attorney-client privilege precludes disclosure of factual information"). Accordingly, the City must further supplement its responses to interrogatories 23 and 24.

Defendant's supplemental responses are due within 14 days of the date of this order.

It is so ORDERED.

DATE: August 20, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

2